IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| PERFECT OUTPUT OF KANSAS CITY, LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No.: 12-0189-CV-W-SOW |
| RICOH AMERICAS CORPORATION, et al., | ) ) ) | |
| Defendants. | ) | |

**ORDER**

Before the Court is plaintiff Perfect Output of Kansas City, LLC's Motion for Remand (Doc. #10). For the following reasons, it is hereby granted.

I. Background

Plaintiff Perfect Output of Kansas City LLC, a citizen of Kansas,[1] initiated this lawsuit in Jackson County Circuit Court on April 16, 2008. Defendant Ricoh Americas Corporation ("Ricoh") is incorporated in Delaware and has its principal place of business in New Jersey. Accordingly, Ricoh is a citizen of both Delaware and New Jersey. 28 U.S.C. § 1332(c)(1). Defendant City of Kansas City, Missouri ("the City") is a citizen of the State of Missouri.

While the Court provides only an abbreviated version of the facts, this summary provides a workable basis for evaluating the removal issues. Plaintiff's action arose out of the City's and Ricoh's alleged actions in regard to a RFP for the outsourcing and consolidation of the City's

---

[1] Plaintiff is a limited liability company, and as such, its citizenship for purposes is established by each of its members. At the time of commencement, plaintiff's sole member, John Walker, was a citizen of Kansas. Therefore, plaintiff is deemed a citizen of the State of Kansas.

duplicating, copying and mail room services. Eventually, as litigation progressed, plaintiff decided to voluntarily dismiss its case against both defendants (the "non-suit"). Following the non-suit, plaintiff filed the present Petition, which alleged causes of action "arising out of the same nucleus of facts alleged in the prior action." Before filing the Petition, plaintiff asked counsel for both Ricoh and the City whether they would waive service of process. Ricoh ignored plaintiff's request. Ricoh then removed this case – before the sheriff effectuated service on either defendant – on February 8, 2012, just a few short days after plaintiff filed its Petition in state court.

Plaintiff seeks an order remanding this case back to state court, contending that the City of Kansas City is a forum defendant thus precluding removal under 28 U.S.C. § 1441. Defendants concede that the City of Kansas City is a forum defendant. Drawing inspiration from the literal and plain reading of 28 U.S.C. § 1441, defendants argue the "forum defendant rule" allows removal where, as here, the forum defendant was not "properly joined" nor "properly served" at the time of removal. The Court is tasked with deciding whether naming, but not serving, a citizen of the forum state precludes removal pursuant to 28 U.S.C. § 1441(b).

## II. Standard

Federal courts are courts of limited jurisdiction and only have power to hear cases authorized to be heard by the Constitution or Congress. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Federal courts have original jurisdiction in diversity cases, or civil actions between citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). A case is removable under 28 U.S.C. § 1332 only when none of the "parties in interest *properly joined* and *served* as defendants is a citizen of the State in which such action in brought." 18 U.S.C.

§ 1441(b)(2).[2] Thus, a federal court lacks diversity jurisdiction over a removed case in which one of the defendants is a citizen of the forum state. In Horton v. Conklin, the Eighth Circuit announced that this rule, known as the "forum defendant rule," is jurisdictional. 431 F.3d 602 (8th Cir. 2005).

III. Discussion

Plaintiff asserts that removal of this matter violated the forum defendant rule in 28 U.S.C. § 1441(b). Plaintiff argues that defendants' argument is "an overly-literal and illogical application of Section 1441(b)." Further, plaintiff reasons that defendants' overly-literal reading flies in the face of Congress' true intent, which is "to prevent improper joinder by plaintiffs." The Court notes that both parties' arguments find support in the case law. Indeed, federal courts in the state of Missouri and elsewhere are split on this issue. Compare, e.g., Taylor v. Cottrell, Inc., No. 09-CV-536-HEA, 2009 WL 1657427, at1 (E.D. Mo. June 10, 2009) (citing Brake v. Reser's Fine Foods, Inc., No. 4:08-CV-1879-JCH, 2009 WL 213013, at *1-3 (E.D. Mo. 2009), and Johnson v. Precision Airmotive, LLC, No. 07-CV-1695-CDP, 2007 WL 4289656 (E.D. Mo. Dec. 4, 2007) (citing cases that have found removal proper)), with Walborn v. Szu, No. 08-6178, 2009 WL 983854, at *5 (D.N.J. 2009) ("a literal interpretation of the joined and served language in the statute would produce bizarre results that Congress did not intend); Sullivan v. Novartis Pharm. Corp., 575 F. Supp. 2d 640 (D.N.J. 2008) (remanding case, concluding that literal reading would produce results inconsistent with Congress' intent); Vivas v. Boeing Co., 486 F.Supp. 2d 726, 734 (N.D. Ill. 2007).

---

[2] Because this action was commenced after January 6, 2012, the Federal Courts Jurisdiction and Venue Clarifications Act of 2011 (P.L. 112-63, 125 Stat. 758), applies to this case. The Court notes, though, that the changes to Section 1441(b) do not impact the Court's analysis on the relevant issue.

-3-

Courts have noted that the rationale for the "joined and served" requirement is "to prevent a plaintiff from blocking removal by joining as a defendant a resident party against whom it does not intend to proceed, and whom it does not even serve." E.g., Recognition Commc'n Inc. v. Am. Auto. Ass'n, No. 3:97-CV-945-P, 1998 W L 119528, at *2 (N.D. Tex. March 5, 1998). When interpreting statutes, however, the Court must give words their plain meaning unless doing so would frustrate the statutory scheme, lead to absurd results, or contravene clear legislative intent. Springdale Mem'l Hosp. Ass'n, Inc. v. Bowen, 818 F.2d 1377, 1380 (8th Cir. 1987); see Nixon v. Mo. Municipal League, 541 U.S. 125, 138 (2004). Here, defendants' interpretation of the removal statute would frustrate both the courts' and Congress' efforts to determine diversity of citizenship based on the genuine interests of the parties. See Vivas, 486 F. Supp. 2d at 734 (citations omitted).

> Combining the permission granted in 28 U.S.C. § 1446(b) for defendants to file a notice of removal before being served with the joined and served requirement of 28 U.S.C. § 1441(b) to allow a defendant to remove a case before a plaintiff even has a chance to serve him would provide a vehicle for defendants to manipulate the operation of the removal statutes. Allowing either party to do that would be against what the courts have long understood to be Congress' intent.

Id.[3]

After carefully considering the relevant precedents, the Court concludes that the *better reasoning* supports granting plaintiff's motion to remand. Therefore, the Court finds that § 1441(b) does not permit defendants to remove this case based on diversity jurisdiction.

---

[3] For example, if defendants were allowed to remove any suit based on diversity before service, lawyers or their agents could camp out at the courthouse and monitor state court filings so that they could remove state actions before service could ever be effectuated on the defendants. This is surely not what Congress intended. See, e.g., Fields v. Organon USA Inc., No. 07-2922-SRC, 2007 WL 4365312, at *5 (D.N.J. Dec. 12, 2007). Moreover, the Court believes the forum defendant rule evinces Congress' intent that not all cases in which diversity of citizenship exists belongs in federal court.

-4-

IV. Conclusion

Accordingly, it is hereby

ORDERED that plaintiff Perfect Output of Kansas City, LLC's Motion for Remand (Doc. #10) is granted. This case is hereby remanded to the Circuit Court of Jackson County, Kansas City, Missouri for all further proceedings. It is further

ORDERED that defendants' motions to dismiss (Docs. ## 17, 19) are denied as moot.


/s/ Scott O. Wright
SCOTT O. WRIGHT
Senior United States District Judge

DATED: July 17, 2012